United States District Court
Southern District of Texas
**ENTERED**
July 30, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANGELO VALENTIM ZUCCOLOTTO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-05446** |
| | § | |
| **MARTIN FRINK, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

# ORDER

Before the Court is Petitioner Angelo Valentim Zuccolotto's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 7). After considering the briefing and applicable law, the Court hereby **GRANTS** Petitioner's Petition for Writ of Habeas Corpus in part. Respondents' Motion for Summary Judgment is **DENIED**.

Petitioner Angelo Valentim Zuccolotto, a citizen of Brazil, has been in the custody of Immigration and Customs Enforcement ("ICE") since August 4, 2025. ECF No. 7 at 2. His removal order became final on or about June 9, 2005. ECF No. 7 – Ex. 1 at 1. Petitioner states that he left the United States for Brazil in 2008. *Id.* He was subsequently encountered in New York in 2019. *Id.* His removal order was reinstated, and he was released on an Order of Supervision "as a probable witness in an 8 USC 1324" case. ECF No. 7 at 2. Petitioner was charged with cyberstalking and cyber-harassment on the day of his re-detention, August 4, 2025. *Id.*

While Petitioner is subject to a final removal order, he sought withholding of removal to Brazil and protection under the Convention Against Torture. *Id.* at 3. After an Immigration Judge

("IJ") denied these applications and ordered him removed to Brazil, he appealed the decision to the Board of Immigration Appeals. *Id.* That appeal remains pending, and Petitioner cannot be removed to Brazil until it is resolved. *Id.*

Petitioner received a bond hearing in January of 2026, but the IJ denied him bond on the grounds that he is "statutorily ineligible for IJ custody redetermination as he is in Withholding Only proceedings." *Id.* at 3.

The Immigration and Nationality Act ("INA") typically allows the United States Government ("the Government") ninety days to remove a noncitizen following an order of removal. 8 U.S.C. § 1231(a)(1). After six months of post-removal custody, continued confinement raises constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) at 690, 701. Under *Zadvydas v. Davis*, if a noncitizen who has been detained for over six months "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. In the event it cannot, the individual must be released. *See id.* at 700.

Here, Petitioner has been in post-removal order detention for nearly twelve months. His prolonged detention well exceeds the six-month *Zadvydas* period. Citing his ongoing appeal, Petitioner argues his removal is not reasonably foreseeable. ECF No. 1 at 6. Respondents have failed to rebut that showing. Accordingly, the Court concludes that Petitioner's ongoing detention contravenes the INA and *Zadvydas*. The Court hereby **GRANTS** the Petition and **ORDERS** Petitioner's immediate release from custody.

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of his prior Order of Supervision.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify a family member or other person, to be chosen by Petitioner, of the time and place of his release **no less than three hours** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents shall not re-detain Petitioner under 8 C.F.R. § 241.13(i)(2)-(3) unless and until Petitioner's appeal is resolved.
5. Respondents shall update the Court on the status of Petitioner's release on or before August 3, 2026.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on July 30, 2026

Keith P. Ellison
United States District Judge